## Schmelzer *v.* Chester Traction Company, Appellant.

*Negligence—Street railways—Passenger—Alighting from car—Pleading—Statement of claim—Amendment—Statute of limitation.*

In an action by a passenger against a street railway company to recover damages for personal injuries, sustained while alighting from a street car, the plaintiff may at the trial, over two years after the accident, amend his statement of claim by changing an averment that there was no stop of the car at all, to an averment that there was an insufficient stop. On a question of negligence there is no legal difference between no stop and no sufficient stop, the inference being the same in both cases.

*Negligence—Damages—Married women—Earnings—Acts of February* 22, 1718, 1 *Sm. L.* 99, *May* 4, 1855, *P. L.* 430, *June* 11, 1879, *P. L.* 126, *June* 3, 1887, *P. L.* 332 *and June* 8, 1893, *P. L.* 344.

Under the acts relating to married women in Pennsylvania, a deserted wife may sue separately and in her own name to recover damages for the loss of her earning power in the future, sustained through injuries to her person.

Argued Feb. 12, 1907.     Appeal, No. 293, Jan. T., 1906, by defendant, from judgment of C. P. Del. Co., June T., 1904, No. 208, on verdict for plaintiff in case of Annie Schmelzer v. Chester Traction Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The opinion of the Supreme Court states the case.

At the trial the court charged that the plaintiff would be entitled to be compensated, if the jury found for her " for the loss of her earning power, both before the trial and after."

Verdict for plaintiff for $2,366, on which judgment was entered for $1,500, all above that amount being remitted.

*Errors assigned* were (1) in permitting the amendment; (2) above instruction, quoting it.

*W. B. Broomall,* for appellant.—While a plaintiff may be permitted to amend by stating the same feature of alleged negligence in different ways, yet he may not amend by introducing into his action a different act of negligence where this deprives the defendant of his right to plead the statute : Shock v. McChesney, 4 Yeates, 507 ; Coxe v. Tilghman, 1 Whart. 282 ; Wood v. Anderson, 25 Pa. 407 ; Farmers' & Mechanics' Bank v. Israel, 6 S. & R. 293 ; Locke v. Daugherty, 43 Pa. 88 ; Wright v. Hart, 44 Pa. 454 ; Smith v. Smith, 45 Pa. 403 ; Trego v. Lewis, 58 Pa. 463 ; Furst v. Building Assn., 128 Pa. 183 ; Knapp v. Hartung, 73 Pa. 290 ; Kaul v. Lawrence, 73 Pa. 410 ; Leeds v. Lockwood, 84 Pa. 70 ; Royse v. May, 93 Pa. 454 ; Tyrrill v. Lamb, 96 Pa. 464 ; Fairchild v. Dunbar Furnace Co., 128 Pa. 485 ; Seipel v. Ry. Extension Co., 129 Pa. 425 ; Grier v. Northern Assurance Co., 183 Pa. 334.

At common law a married woman, of course, could not recover by suit for a diminishment of her earning power. An injury to the married woman diminishing her earning power was a loss to the husband. Unless, therefore, this injury has been transferred from the husband to the wife by statute, and unless she has been empowered by statute to recover compensation for it by a suit in her own name, the court was wrong in permitting the jury to find in her favor compensation for decreased earning power, otherwise called loss of services.

They each have their rights of action still existing in them respectively : Rockwell v. Waverly, etc., Traction Co., 187 Pa. 568.

It is still the law that the husband is vested with his right of action for loss of his wife's services, although the manner of asserting it may constitutionally be regulated by law : Don-

oghue v. Consolidated Traction Co., 201 Pa. 181 ; Standen v. Penna. R. R. Co., 214 Pa. 189 ; Reagan v. Harlan, 24 Pa. Superior Ct. 27; Nuding v. Urich, 160 Pa. 289.

*Joseph H. Hinkson,* for appellee.—The amendment presented the facts as they occurred, and did not involve a new cause of action. The facts were the same in the original and amended statement : Baylor v. Stevens, 16 Pa. Superior Ct. 365 ; Rife v. Middleton, 32 Pa. 68 ; Smith v. Bellows, 77 Pa. 441; Jackson v. Gunton, 26 Pa. Superior Ct. 203 ; Thompson v. Chambers, 13 Pa. Superior Ct. 213 ; Stoner v. Erisman, 206 Pa. 600 ; Beeson v. Com., 13 S. & R. 249 ; Fillman v. Ryon, 36 W. N. C. 391 ; Caldwell v. Remington, 2 Whart. 132; Cassell v. Cooke, 8 S. & R. 268 ; Ins. Co. v. Spang, 5 Pa. 113 ; R. R. Co. v. McCutcheon, 18 W. N. C. 527 ; Creswell v. Blank, 3 Grant, 320 ; Taylor v. Canton Twp., 30 Pa. Superior Ct. 305 ; Pittsburg Nat. Bank v. Hall, 107 Pa. 583 ; Kroegher v. McConway & Torley Co., 149 Pa. 444; Kirchner v. Smith, 207 Pa. 431 ; Elder Twp. School Dist. v. Penna. R. R. Co., 26 Pa. Superior Ct. 112.

The plaintiff could recover loss of future earning power : Koch v. Williamsport, 195 Pa. 488 ; Rockwell v. Waverly, etc., Traction Co., 187 Pa. 568 ; Lewis's Est., 156 Pa. 337 ; Glenn v. Phila., etc., Traction Co., 206 Pa. 135 ; Olin v. Bradford, 24 Pa. Superior Ct. 7 ; Standen v. Penna. R. R. Co., 214 Pa. 189 ; Gehman's Est., 20 Lanc. 36 ; Wallace v. Penna. R. R. Co., 195 Pa. 127.

OPINION BY MR. CHIEF JUSTICE MITCHELL, April 29, 1907 :

Two questions arise in this case, first, was the amendment properly allowed, and, secondly, was the charge correct in regard to the plaintiff's right to recover for loss of her earning power?

Plaintiff was injured in alighting from a car. The first statement averred that the defendant was negligent, in that it did not " slacken the car and stop the same . . . . but immediately after the arrival of the said electric car at the public crossing at Market street, in the said city of Chester, and while the said plaintiff with the consent and permission of the said defendant and with all due care and diligence was alighting from the said electric car, the said defendant caused the

same to be suddenly and violently moved and started, by means thereof the said plaintiff was violently thrown therefrom to the ground, by means whereof," etc. At the trial an amendment was allowed charging the negligence to consist in this " that the said defendant stopped the said electric car at Market street aforesaid, so that the said plaintiff could alight and depart therefrom, but after the arrival and stopping as aforesaid of the said electric car at the public crossing at Market street, in the said City of Chester, and while the said plaintiff with the consent and permission of the said defendant and with all due care and diligence was alighting from the said electric car, the said defendant caused the same to be suddenly and violently moved and started, by means thereof the said plaintiff was violently thrown," etc.

When the amendment was offered and allowed more than two years had elapsed and defendant objected on the ground that the statute of limitations, which was ·pleaded, had run and no amendment could be allowed which changed the cause of action. The rule is undisputed, but it was not violated in this case. Briefly expressed, the difference between the two statements is that the first avers there was no stop of the car at all while the second avers an insufficient stop. Both relate to the same injury, at the same time, the same place and the same circumstances, except for the difference in regard to the stop. But on the question of negligence there is no legal difference between no stop and no sufficient stop, the inference is the same in both cases. A difference might arise on the question of contributory negligence of the plaintiff, but both statements expressly negatived that by the averment of due care. As a material fact it was as necessary for plaintiff to show a case clear of her own negligence under one statement as under the other, and as a defense it was equally open to evidence from defendant under both. The amendment cannot be regarded as a change of the cause of action, but only as a restatement in a different form which did the appellant no injury : Stoner v. Erisman, 206 Pa. 600.

Secondly, the plaintiff was a married woman who sued in ·her own name without joining her husband. At the trial she gave evidence that her husband had deserted her, and the jury found this fact in her favor. Defendant objected that her

earnings belonged to her husband and, therefore, the loss of the power to earn in the future could not be included in the verdict.

It may be noted that as the statute of limitations had run since the accident no action could be maintained by the husband even if he should return. And also that the assignment of error in this regard refers not to earnings, but to earning power. Neither of these matters, however, is material in the present case.

The Act of February 22, 1718, 1 Sm. L. 99, empowered the wives of mariners who had gone to sea, leaving their wives at shopkeeping or to work for their livelihood, to sue without naming the husband. And the Act of May 4, 1855, P. L. 430, provides that wives whose husbands have deserted them " shall have all the rights and privileges secured to a feme sole trader, under the Act of the 22d of February, 1718."

The Act of June 11, 1879, P..L. 126, provides that, " In all cases where a wife has been deserted, abandoned or driven from her home by her husband, it shall be lawful for her to bring suit in any of the courts of this Commonwealth, against her husband or any other person or persons, without the assistance or intervention of a trustee or next friend, . . . . in same manner and with like effect as if she were sole and unmarried."

The Act of June 3, 1887, P. L. 332, provided that property owned, acquired or earned by a married woman shall belong to her and not to her husband. Under this act it was held that wages of her labor were included : Lewis's Est., 156 Pa. 337. And under the Act of June 8, 1893, P. L. 344, which supplied the act of 1887, it was held that though the word " earnings " does not appear in the later act, personal services are a species of property, and earnings acquired by them are equally within the act : Nuding et al. v. Urich, 169 Pa. 289.

Under these statutes and decisions it is clear that a deserted wife may sue separately in her own name for compensation for her services and earnings, and if she may thus recover for what she has acquired as her property in the past she may certainly recover for the loss of capacity to acquire other property of the same kind in the future.

Judgment affirmed.