## Lynch v. Winton Borough, Appellant.

*Negligence — Boroughs — Sidewalk — Pleadings — Variance — Amendment.*

In an action against a borough to recover damages for personal injuries to a child as a result of falling into an open coal box adjacent to a sidewalk, the original statement of claim averred that in consequence of the box the child who was lawfully traveling on the street in the darkness "unavoidably slipped and fell into said hole or opening."

This was followed by an averment of the borough's duty to keep the street in reasonably safe condition, and the neglect thereof. An amended statement averred more specifically the fact of notice to the borough, and also the neglect to provide a barrier or rail or other adequate safeguard. The proof showed that the child in order to avoid a group of men standing on the sidewalk unconsciously stepped or stumbled into the open box. *Held*, (1) that there was no variance in matter of substance between the original statement of claim and the amended one, or between either and the facts established by the proof; (2) that the case was for the jury and (3) that a verdict and judgment for the plaintiff should be sustained.

Argued March 5, 1913. Appeal, No. 35, March T., 1913, by defendant, from judgment of C. P. Lackawanna Co., Jan. T., 1910, No. 760, on verdict for plaintiff in case of Annie Lynch, by her father and next friend, Joseph Lynch, and Joseph Lynch v. Winton Borough. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries to a child. Before NEWCOMB, J.

At the trial the jury returned a verdict for plaintiff Annie Lynch, for $750, and for Joseph Lynch $1,469.

On a rule for judgment n. o. v., and for a new trial, NEWCOMB, J., filed the following opinion:

These rules may be considered together. There was a verdict for plaintiffs, being parent and minor child, for injuries sustained by the child as a result of falling into an open box adjacent to the sidewalk of a public street in the borough. The date of the accident was October 3, 1909. February 12, 1912, pending demurrer to the declaration, an amendment was allowed and the demurrer thereupon overruled. To this exception was taken on the same ground afterwards set up by plea of the statute of limitations, and now urged on the motion for judgment for defendant. The objection is that the amended statement varied the cause of action after the two years had run.

The point made is that the original statement was so far defective that it disclosed no liability of the borough, and thus an amendment admittedly showing a valid cause of action was necessarily a variance.

This is more specious than sound. In the first instance it fairly appeared that the injury was occasioned by the proximity of an open coal box or bin which had remained uncovered for some time, not stated, on private property alongside the walk; in consequence of which the girl, who was lawfully traveling on the street in the darkness, "unavoidably slipped and fell into said hole or opening," etc. This was coupled with a general averment of the borough's duty, and the neglect thereof, to use such proper precautions as were necessary to keep the street in reasonably safe condition for the lawful use of travelers.

While the statement could have been criticised for some lack of precision, the substantial ground of action was unmistakable.

As amended it avers more specifically the following: (1) The fact of notice to the borough of the alleged dangerous pitfall; (2) its duty thus arising to provide against a probable accident of this kind either by maintaining a barrier, rail, light or other adequate safeguard; and (3) its neglect so to do. But the elements of that very cause were certainly present in the original statement. If it is varied in substance we are unable to see it; and defendant's theory to the contrary is believed to be erroneous.

The same is true of the other reason assigned for judgment, viz.: a variance as between the pleadings and proofs. This is based on the averment that the girl "slipped and fell," etc. The evidence was that being unaware of the danger, which in the darkness was not apparent, she turned aside to avoid a group of men standing on the walk and thus unconsciously stepped or stumbled into the open box. Hence, it is contended by the learned counsel, had she proved her case as alleged she

would have been out of court because in that event the proximate cause would have been the "slipping on the walk."

Having conceded that a valid cause of action was alleged in the amended statement, this contention is not at all consistent. If there is any trouble with the proximate cause it appears on the face of the pleadings. But there is none. It only need be noted that in itself the surface of the walk is the subject of no complaint. It was not alleged to be in any way defective. The statement bears no such suggestion. The slipping alleged is incapable of being understood as implying anything of the kind. With its context it can only be understood to mean a misstep or loss of footing; which is within the definition of the term.

We see nothing, therefore, to support the motion for judgment, as a careful review of the case leaves no room for doubt that it was for the jury. It is believed to have been fairly tried and submitted without any material error to warrant a retrial. It involved only familiar principles without special features meriting discussion. In amount the damages awarded were entirely reasonable and the verdict should not be disturbed.

Both rules are discharged, with exception to defendant as required by the act of 1905 relating to the motion for judgment.

*Error assigned* among others was in refusing judgment for defendant n. o. v.

*M. J. Martin,* with him *James J. O'Malley* and *W. J. Torrey,* for appellant.

*Everett Warren,* of *Warren, Knapp & O'Malley,* with him *Houck & Benjamin,* for appellees.

OPINION BY HEAD, J., July 16, 1913:
After a careful examination of the pleadings we are all

of the opinion that they disclose no variance in matter of substance between the original statement of claim and the amended one, or between either and the facts established by proof on the trial. The evidence offered by the plaintiff to make out her case could not have been rejected by the learned court below on the ground that it tended to establish a different cause of action from the one averred. The learned judge below, in the opinion filed refusing to enter judgment for the defendant n. o. v. and discharging the rule for a new trial, points out clearly the sufficiency of the original statement and the character of the difference between it and the amended one.

There was abundant evidence which, when accepted by the jury, imposed upon the defendant borough the liability recognized and enforced in many cases: O'Malley v. Parsons Boro., 191 Pa. 612; Worrilow v. Upper Chichester Twp., 149 Pa. 40; Weida v. Hanover Twp., 30 Pa. Superior Ct. 424; Councilman v. Galeton Boro., 49 Pa. Superior Ct. 138.

The material issues of fact were submitted to the jury in an adequate and impartial charge, against which no just complaint can be made. Without attempting to review at length the evidence and demonstrate that a case was made out, we deem it sufficient to say we are all of the opinion the case was well tried and that the record exhibits no reversible error.

Judgment affirmed.