# Toglatti *v.* Carrick Borough, Appellant.

*Negligence—Boroughs—Defective sidewalk—Evidence — Notice —New trial.*

In an action by a woman against a borough to recover for personal injuries sustained while walking on a defective boardwalk, where the statement of claim avers in general terms that the plaintiff was injured by a fall caused by a defect in a sidewalk on the north side of a street designated and at some point near a crossroad towards which she was walking, and the testimony of the plaintiff does not fix the precise point at which she fell, but merely shows that she had passed a bowling alley on the street, and it appears that the plaintiff was somewhat confused in trying to identify the spot from a photograph of the street shown to her,

and it also appears that the testimony of one of the defendant's witnesses conflicted with that of the plaintiff as to the locality of the defect, the case is for the jury under all the conflicting testimony, and a verdict and judgment for plaintiff will be sustained.

In such a case where one of plaintiff's witnesses testifies that he had notified the chief of police of the borough as to the dangerous condition of the whole boardwalk, and two other witnesses for plaintiff testify that the walk was defective in a number of places and had been so for three years, and the evidence of the borough contradicts the witnesses for the plaintiff, the question of the borough's notice of the defect is for the jury.

A boast made by a witness for plaintiff in an accident case against a borough that he had received twenty dollars for testifying, is not a ground for a new trial where it appears that the boast was made while the witness was intoxicated, that he never did receive twenty dollars or any other sum, and that the verdict could be sustained on the other testimony in the case.

Argued May 3, 1915.   Appeal, No. 53, April T., 1915, by defendant, from order of C. P. Allegheny Co., July T., 1914, No. 367, refusing petition for appeal from County Court in case of Letitia Togliatti v. Carrick Borough. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Petition to appeal from the county court.

From the records it appeared in the county court the plaintiff recovered a verdict of $835.   On motion for a new trial in that court, WAY, P. J., filed the following opinion:

This is a motion for a new trial.   There are numerous reasons assigned in support thereof, most of which can be disposed of with brief comment.

1. It is contended that the verdict is excessive.   Inasmuch as the plaintiff is a dressmaker by trade and suffered a fracture of the left wrist, which, under the testimony, will probably forever prevent her from following her occupation, it seems that the amount of the verdict, $835.00, is by no means excessive compensation for the expense she was put to, the suffering she endured and the probable loss of future earning capacity entailed.

We see no reason to interfere with the finding of the jury in this particular.

2. It is contended that the verdict is against the weight of the evidence. The testimony of the plaintiff's witnesses tended to show that the plaintiff was walking on a boardwalk maintained by the Borough of Carrick, and that the end of a loose board dropped under her weight, causing her to trip against the projecting end of the next board, whereupon she fell and sustained a fracture of the wrist.

There is no possible doubt that the plaintiff fell on the boardwalk and there was amply sufficient evidence tending to prove that there were loose boards in places on this walk, and particularly one which might have been located at the very point where plaintiff says she fell.

There was some difficulty in fixing the exact location of the accident; plaintiff's witnesses fixed it as being nearly opposite a pool room which was situate across the street and at or near a telegraph pole. There was positive testimony at the trial of a board being found depressed on the very day of trial about opposite the pool room in question, though some twenty feet from the pole.

The really controverted part of the case was as to whether the borough had either direct notice of the condition of the walk or whether the condition complained of had existed so long as to put the borough on implied notice of it. On this point plaintiff had three witnesses, one of whom testified that some time previously he had notified the chief of police of the borough as to the dangerous condition of the whole walk. This was admitted by the chief of police, who, however, insisted that the notice referred to a condition of the walk at a point a considerable distance from the scene of the accident. Plaintiff's other witnesses testified that the boards of the walk were loose in a number of places at or near the point of the accident, and had been so for a long period of time, possibly three years. A number of witnesses on behalf of the borough testified that they knew

of no such defect. The question was for the jury, to whom the matter was submitted, with proper instructions, and they found for the plaintiff. We see no reason to disturb their finding.

3. Complaint is made that the plaintiff's counsel made some improper remarks to the jury as to the officers of the borough. No attempt was made to place these remarks on the record, and it is not the recollection of the trial judge that such remarks went beyond the usual latitude of counsel in commenting upon testimony in a case of this kind.

4. It is alleged that Hofman, one of plaintiff's witnesses, declared after the trial that he and another witness had each received $20.00 for testifying. Depositions were taken in support of this allegation, which tend to show that Hofman did say something of this sort after the trial, but that as a matter of fact neither he nor the other witness had received $20.00 or any other sum. When Hofman made the statement he was under the influence of liquor and was engaged in crowing over one of the witnesses of the unsuccessful party. We do not think that this episode, if it could be used by the defendant on a second trial, would result in a different verdict. The verdict in our opinion was based on the facts that plaintiff undoubtedly tripped and fell on this boardwalk; that she tripped because the surface of the walk was in a treacherous condition and that this was an old walk inherited by the borough from the street railways company, and upon which no work had been done for a long time, and that the treacherous condition of the walk could easily have been ascertained by the borough officers if they had made a proper inspection. These facts being sufficiently apparent, even without the testimony of Hofman, it seems unnecessary to send the case to another jury.

5. Complaint is made that the court erred in particularly calling the attention of the jury to the location of a defect in the boardwalk not at the point where the

plaintiff alleged the accident occurred, and by stating to the jury that it might have happened at that place. The plaintiff did not attempt to fix the point of the accident to a mathematical certainty. Her testimony was that it was about opposite the pool room and near a certain telegraph pole. One of defendant's own witnesses went on the stand and testified that he had only a few hours previously examined the boards in the vicinity of the point referred to and had there found a sunken board, the end of which was depressed below the adjoining boards, and at the time of trial was frozen down solidly in that position. The trial judge called the jury's attention to this testimony and stated that it was for them to determine whether perhaps this very board, the depression of which was established beyond question, might not have been the one that caused the accident. Whether the jury adopted this view or not of course no one knows, but it seems to have been a proper matter for their consideration and was submitted to them in connection with the other testimony in the case.

The motion for a new trial is accordingly refused, and it is ordered that judgment be entered on the verdict.

*Error assigned* was in refusing petition for an appeal.

*E. B. Strassburger,* with him *W. H. Lemon,* for appellant.

*Abram C. Stein,* with him *A. C. Teplitz,* for appellee.

OPINION BY PORTER, J., July 21, 1915:

This is an appeal from the order of the Court of Common Pleas of Allegheny County refusing to allow an appeal from the judgment of the county court entered upon the verdict of a jury. A petition to the Court of Common Pleas for the allowance of an appeal set forth the reasons why a retrial of the issues of fact was neces-

sary to prevent an injustice, as it was required to do by the Act of May 23, 1913, P. L. 310. The reasons set forth were the same which had been urged in support of the motion for a new trial in the county court. Those reasons were so satisfactorily disposed of by the opinion of President Judge WAY of the county court, in overruling the motion for a new trial, which will appear in the report of this case, as to render it unnecessary that we should discuss at length the questions attempted to be raised.

The statement of claim filed by the plaintiff did not attempt to fix with mathematical precision the exact point upon the boardwalk at which the plaintiff sustained her injury. The statement averred "that along the north side of Park Lane in said borough, between the Brownsville Road and Southern Park there is a sidewalk, namely, a boardwalk for the use of pedestrians. That on October 12, 1913, at about nine a. m., the plaintiff was walking along the said boardwalk, towards the Brownsville Road, and using due diligence and when near the same she fell." It further averred that the fall was caused through the negligence of the defendant by the defective and dangerous condition of the said boardwalk, namely, that the boards were rotted, loose and laid one upon another and were otherwise improperly laid, which condition had existed for a long time prior to the accident, which the defendant through its officers and agents knew or should have known, and that as a result of the fall the arm of the plaintiff was broken and she was otherwise injured. This statement thus drawn in general terms would have been supported by any evidence showing that the plaintiff had been injured by a fall caused by a defect in this sidewalk at any point near the Brownsville road, towards which she was walking. If the defendant had desired a more definite statement as to the precise locality of the accident it ought to have asked for a more specific statement or a bill of particulars. The testimony of Simon Lejeune, a wit-

ness produced by the defendant, to the effect that he found a defect in this boardwalk about twenty feet from a point opposite the eastern end of a certain bowling alley was material under the issue as framed, and evidence which had positively fixed that defect as the cause of the accident and that the borough was negligent with regard thereto would have sufficiently sustained the statement of plaintiff's cause of action. The plaintiff did not attempt in her testimony at the trial to fix the precise point in the boardwalk at which the accident occurred, she only said that she had passed the bowling alley. Counsel for defendant in the cross-examination of the plaintiff presented to her certain photographs and she attempted to indicate upon one of those photographs the place at which the accident occurred, but the testimony indicates that this witness found the photograph of the street confusing, and experienced difficulty in locating upon the picture the point corresponding to the place upon the ground where the accident occurred. It is certainly not improper for a jury to examine the testimony of a number of witnesses who may seem to be in conflict as to certain details of their testimony and ascertain whether such conflict can be reconciled. The testimony of this plaintiff and that of the witness Simon Lejeune, who was produced by the defendant, was of such a character that it was for the jury to say, in the light of the testimony, whether these witnesses were not really talking about the same defect in the sidewalk, and whether the plaintiff might not have made a mistake when she attempted to indicate on the photograph the point which corresponded to the location of the accident upon the ground. We find no error in the record of the trial in the county court on the refusal of the Court of Common Pleas to allow an appeal from the judgment.

The judgment is affirmed.