## Corcoran v. Philadelphia, Appellant.

*Municipalities—Hole in pavement—Case for jury.*

In an action by a woman pedestrian against a city to recover damages for personal injuries by stepping or falling into a hole in a pavement, a verdict and judgment for plaintiff will be sustained, where the evidence tends to show that the hole in question was a group of inlets or vents located close together on the edge of the pavement, that the lid of one certainly, and possibly two, had been removed, that this condition of affairs had lasted for a long time, and that plaintiff was unfamiliar with the locality.

In such a case it is immaterial that plaintiff's testimony that she fell into the first hole as she approached, was contradicted by that of her principal witness, who stated that plaintiff fell into the second hole.

Argued Oct. 11, 1918. Appeal, No. 94, Oct. T., 1918, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1917, No. 4808, on verdict for plaintiff in case of Emily Corcoran v. Philadelphia. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FERGUSON, J.

Verdict and judgment for plaintiff for $395. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John C. Bell, Jr.,* with him *William C. Wilson,* Assistant City Solicitor, and *John P. Connelly,* City Solicitor, for appellants.

*David S. Malis,* for appellee.

PER CURIAM, December 12, 1918:

The plaintiff sustained injuries on account of falling or stepping into a vent or inlet hole, six inches square and four inches deep, on the edge of a pavement on a prominent street in the city. No evidence was offered in defense and a verdict for $395 was recovered, the court refusing a motion for binding instructions and afterwards dismissed a motion for judgment non obstante veredicto.

From the testimony it appears that a group of four inlets or vents were located close together on the edge of the pavement. The lid of one certainly, and possibly two, had been removed, so as to leave a dangerous opening within the traveled way of the payment. The plaintiff testified that her foot caught in the first hole as she approached it. Her principal witness testified that it was the second hole that was defective and that the first one going west was in a safe condition. The appellant relies on this contradiction in the testimony to relieve it of liability. The plaintiff's testimony is positive and direct, and it is not essential to sustain her action that she should specify with mathematical accuracy whether it was the easternmost or westernmost opening that caused her injuries, when they were almost in contact with each other. The defective inlet was there, and under the evi-

dence had existed a sufficient length of time to bind the city to a knowledge of its dangerous condition.  She denied a knowledge of its existence prior to her accident, as she had never before walked over that pavement.  The appellant's analysis of the testimony is persuasive, but the important fact for the jury to determine was whether the hole in the pavement caused her injuries, and that the city was bound by constructive notice of its dangerous condition.

The disputed facts were submitted to the jury in a charge which was free from error, and in which the effect of the minor antagonism between the plaintiff and her witness was fully explained.

The assignments of error are overruled and the judgment is affirmed.