Frazier et ux. *v.* Pittsburgh, Appellant, et al.

Argued May 8, 1940.

Before Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Anne X. Alpern,* First Assistant City Solicitor, with her *Wm. Alvah Stewart,* City Solicitor, for appellant.

*Jacob Shulgold,* with him *N. H. Leventon,* for appellees.

Opinion by Hirt, J., October 4, 1940:

This is an action for damages for injuries to the wife plaintiff resulting from a fall on the sidewalk at 2715 Wylie Avenue in Pittsburgh. While walking westwardly after dark on the evening of December 14, 1934, she, to avoid pedestrians approaching from the opposite direction, stepped to the right on the pavement near

the property line where, it is contended, her foot was caught in a break in the sidewalk causing her to fall. On the abutting property, owned by the additional defendant, within twelve inches of the sidewalk there was an open unguarded areaway five feet deep with steps leading to a basement. In falling, she was precipitated head foremost into this areaway; as a result of her injury she is totally and incurably deaf. At the trial the jury found for each of the plaintiffs against the city and over, against the additional defendant. The principal question in this appeal relates to the refusal of the lower court to enter judgment for the defendants n. o. v.

It is not contended that the wife plaintiff is chargeable with contributory negligence. She was unfamiliar with the pavement; it was dark and she was walking in a proper manner with due regard for her safety. The nearest street light was 150 feet away and a porch cast a shadow across her path.

Plaintiffs do not rest their charge of negligence on the failure of either or both defendants to protect users of the sidewalk from the hazardous condition created by the open areaway on the abutting property. In the cement pavement, in the path of this plaintiff, there was a hole 2½ inches deep and it is contended that her foot was caught in this depression causing her to fall and that this defect in the pavement was the proximate cause of the injury. The existence of this break in the cement sidewalk is not denied and both defendants had actual or constructive notice of it, charging them with actionable negligence.

There were other breaks and holes in the pavement and the question is narrowed to this: Is there sufficient evidence identifying the above defect as the cause of the fall or did the wife plaintiff lose her balance because of another lesser irregularity in the pavement which imposed no liability on the defendants. Where there are a number of depressions in a pavement, for some of

which the municipality and the property owner might be liable if an injury resulted, but would not be if an accident resulted from others, the burden is on the plaintiff to identify a defect imposing liability, as the specific cause of the injury. "Proof of injury alone, without more, or of the existence of the negligent condition without showing that it caused the injury complained of, is insufficient to establish a case of liability": *Burns v. City of Pittsburgh et al.*, 320 Pa. 92, 181 A. 487. The jury cannot be permitted to find, because there was a hole in the pavement charging defendants with negligence, that it was that defect which caused the injury. *Reddington v. Philadelphia*, 253 Pa. 390, 98 A. 601.

If we give the plaintiffs the benefit of all favorable inferences from the testimony, it seems clear that plaintiffs have met that burden. Beatrice Frazier testified that her foot was caught in a hole in the pavement tearing the heel from her shoe and causing her to fall. She did not see the hole because of the darkness, either before or at the time of the injury and did not inspect the pavement until some months after her partial recovery, but at the trial she marked a photograph, admitted in evidence without objection, indicating the place where she fell and at that spot near the areaway, the photograph showed a break in the pavement described by other witnesses as a hole 6 inches wide, 7 inches long and 2½ inches deep. If she had seen the defect before her injury her negligence in failing to avoid it would have barred recovery. After her injury she was unconscious and her examination of the pavement some months later was too remote in point of time, as the court properly ruled, to indicate the condition of the pavement on the night of the injury. Her testimony, however, coupled with the undisputed fact that there was a serious break in the pavement where she said that she fell, raised an issue of fact for the jury, as to the proximate cause of the injury. Negli-

gence may be established by circumstantial evidence and where a plaintiff describes the nature and the location of a fall, it is for the jury to determine whether a defect which existed in the small area described, was the cause of the injury and if the defect was of sufficient consequence to charge defendants with negligence and defendants had notice of its existence the case is for the jury. *Mars v. Phila. Rapid Transit Co.*, 303 Pa. 80, 154 A. 290.

There is corroboration of this plaintiff's testimony. A companion who was walking with her said that as they both stepped toward the building to make way for other users of the sidewalk, "She caught her foot in the break on the sidewalk and fell into the open cellarway that leads down into the basement" and "the hole in the sidewalk was what caused her to slip and she went down on her knees and over into this open space." The following day this witness examined the sidewalk and testified that the hole in which her foot was caught was of the dimensions above stated. In *McCarthy et ux. v. Pgh. et al.*, 127 Pa. Superior Ct. 399, 193 A. 358, the plaintiff was unable to see the depression which caused her fall, because of the darkness, yet the measurement made by her husband of the depression at the place in question was properly admitted. See also *Corcoran v. Philadelphia*, 70 Pa. Superior Ct. 512, *Toglatti v. Carrick Borough*, 61 Pa. Superior Ct. 244. Another witness who was standing in front of the adjoining property saw this plaintiff fall and he also found a hole of the same dimensions. There was evidence that the pavement was generally rough and that there were other holes and lesser depressions in the sidewalk but the testimony of the wife plaintiff with that of the above witnesses indicates with reasonable certainty that the proximate cause of the injury was the failure of defendants to repair a specific identified break in the pavement, sufficient to impose liability upon them. The

judgments, supported by that finding of the jury should not be disturbed.

The remaining assignment questions the propriety of the order of the court allowing an amendment to plaintiffs' statement of claim, more than four years after the date of the injury. The following is the amendment as allowed: "Fifth. When the woman plaintiff reached a point on said sidewalk adjacent to and in front of the premises situated and known as 2715 Wylie Avenue, she suddenly fell as she stepped into a hole, break or defect in said sidewalk, and as a result thereof, she was precipitated into a large unguarded open hole or excavation, sustaining severe injuries as hereinafter set forth." Though, in the amended statement, plaintiffs for the first time specifically averred that it was a break in the sidewalk which caused the fall into the areaway, the original statement averred that the city was negligent, inter alia, in failing to use proper care in maintaining the sidewalk in a reasonably safe condition; in failing to close that portion of the sidewalk where pedestrians travel when it was in need of repair and in failing to cause inspection to be made of the sidewalk at reasonable intervals. The amendment amplified and made more certain the above general averments of the original pleading and in reality was merely a more specific statement of claim. No new cause of action was introduced and the amendment, properly, was allowed. *Mary Laritza v. Pa. Power Co.*, 106 Pa. Superior Ct. 587, 162 A. 333; *Lynch v. Winton Borough*, 54 Pa. Superior Ct. 93. See also *Townsend et al. v. Universal Ins. Co.*, 129 Pa. Superior Ct. 188, 195 A. 167; *Schmelzer v. Chester Traction Co.*, 218 Pa. 29, 66 A. 1005.

Judgments affirmed.