J-S47040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ADRIENE HITCHNER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ELEANORE BARTELL | |
| Appellee | No. 38 MDA 2016 |

Appeal from the Order Entered December 15, 2015
In the Court of Common Pleas of Schuylkill County
Civil Division at No(s): S-52-2014

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:　　　　　　　　**FILED OCTOBER 24, 2016**

Adriene Hitchner appeals from the order of the Court of Common Pleas of Schuylkill County, granting Eleanore Bartell's motion for summary judgment and dismissing Hitchner's complaint with prejudice.  Upon careful review, we reverse and remand for further proceedings.

Hitchner was a nurse employed by Lori's Angels home health care services.  In the course of her employment, Hitchner regularly provided home health care services to Bartell and her mother, who lived together at 333 Nichols Street in Pottsville.  On May 11, 2013, after she had been working for Bartell for over two months, Hitchner fell down the front steps of the house as she was leaving to pick up breakfast for Bartell.  Although the steps were moist from earlier rain and mist, Hitchner claims that she did not slip due to moisture.  Rather, Hitchner claims that the steps were

"dilapidated and of an uneven height, depth, and width creating an extremely dangerous condition[.]" Complaint, 4/14/14, at ¶ 7.

On April 14, 2014, Hitchner filed a complaint against Bartell, alleging negligence in connection with the maintenance of the steps. After the pleadings were closed, Bartell filed a motion for summary judgment, which the trial court granted by order dated December 15, 2015. Hitchner filed a timely notice of appeal on January 7, 2016, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Hitchner raises the following issues for our review:

1. Whether the trial court erred as a matter of law by granting [Bartell's] [m]otion for [s]ummary [j]udgment based upon the finding that the record contains insufficient evidence of facts as to causation essential to [Hitchner's] cause of action in negligence?

2. Whether the trial court erred as a matter of law by granting [Bartell's] [m]otion for [s]ummary [j]udgment and barring [Hitchner's] negligence claim based upon a condition complained of being *open and notorious* despite the fact that [Hitchner], an employee, had to encounter the risk in order to perform her job?

Brief of Appellant, at 5.

We begin by noting our scope and standard or review of the grant of summary judgment:

Our review of the trial court's grant of summary judgment is plenary. Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions and affidavits and other materials show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. We must view the record in the light most favorable to the opposing party and resolve all doubts as to the existence of a genuine issue of material fact in favor of the nonmoving party. We will reverse the trial court's grant of

summary judgment only upon an abuse of discretion or error of law.

*Cresswell v. End*, 831 A.2d 673, 675 (Pa. Super. 2003) (citation omitted).

Hitchner first claims that the trial court erred by granting summary judgment based upon its finding that the record contains insufficient evidence as to causation. The trial court concluded that Hitchner's deposition testimony did not establish that the dilapidated condition of the steps caused her to fall because: (1) she stated merely that she had "slipped" on the concrete, and (2) she could not identify the step upon which her fall occurred. Hitchner asserts that the trial court inappropriately disregarded the affidavit she submitted in her response to Bartell's summary judgment motion in which she "clarified" her deposition testimony by stating that she "slipped on the first/second concrete step (depending on how a step is defined or whether it qualifies as a step) which crumbled or otherwise gave way under my foot." Plaintiff's Affidavit, 11/2/15 at ¶ 3. Hitchner argues that she produced ample evidence, in the form of deposition testimony, photographs of the accident site and her affidavit to establish "the extremely poor condition of the steps, and how such a condition may have led to [her] fall[.]" Brief of Appellant, at 14. Upon review, we agree that the trial court erred in its determination regarding causation, even though it properly disregarded Hitchner's affidavit.

> Generally, to state a cause of action for negligence, a plaintiff must allege facts which establish the breach of a legally recognized duty or obligation of the defendant that is causally connected to actual damages suffered by the plaintiff. *Bilt–Rite Contractors, Inc. v. The Architectural Studio*, [] 866 A.2d

270, 280 ([Pa.] 2005). The plaintiff proves the duty and breach elements by showing that the defendant's act or omission fell below the standard of care and, therefore, increased the risk of harm to the plaintiff. **Thierfelder v. Wolfert**, 52 A.3d 1251, 1264 (Pa. 2012). Once the plaintiff has carried this burden, s/he must further demonstrate the causal connection between the breach of a duty of care and the harm alleged: that the increased risk was a substantial factor in bringing about the resultant harm.

**Scampone v. Highland Park Care Ctr., LLC**, 57 A.3d 582, 596 (Pa. 2012).

"Although it is clear that a jury is not permitted to reach a verdict based upon guess or speculation, it is equally clear that a jury may draw inferences from all of the evidence presented." **First v. Zem Zem Temple**, 686 A.2d 18, 21 (Pa. Super. 1996), citing **Cade v. McDanel**, 679 A.2d 1266 (Pa. Super. 1996).

It is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability. . . . The facts are for the jury in any case whether based upon direct or circumstantial evidence where a reasonable conclusion can be arrived at which would place liability on the defendant. It is the duty of [the] plaintiffs to produce substantial evidence which, if believed, warrants the verdict they seek. The right of a litigant to have the jury pass upon the facts is not to be that a reasonable man might properly find either way. A substantial part of the right to trial by jury is taken away when judges withdraw close cases from the jury. Therefore, when a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deductible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith.

**Id.** (citations omitted).

- 4 -

In **First**, the plaintiff was attending a wedding reception, where she fell while dancing on a temporary dance floor supplied and installed by the defendants. In her deposition, the plaintiff testified that she fell because "the heel of her shoe slipped on the dance floor's wooden surface, and that she observed that the dance floor had a section which was lighter in color than the other areas of the floor." **Id.** at 20. Additional testimony also established that portions of the floor were discolored, slippery, and raised, but that plaintiff's fall occurred three to four feet away from those areas. Defendants moved for summary judgment on the basis that, due to her location when she fell, the slippery or raised areas of the floor could not have caused plaintiff's fall. The trial court agreed, finding that plaintiff could not identify the reason she fell or that the identified hazards on the floor caused her to fall.

On appeal, this Court reversed, finding that the plaintiff had produced sufficient circumstantial evidence from which a jury could reasonably infer that a slippery or raised area of the floor caused her to fall. The Court noted:

> "Negligence may be established by circumstantial evidence, and where a plaintiff describes the nature and location of a fall, it is for the jury to determine whether a defect which existed in the *small* area described was the cause of the injury, and [the question of whether] the defect was of sufficient consequence to charge defendants with negligence . . . is for the jury." **Frazier v. City of Pittsburgh**, [] 15 A.2d 499, 500 ([Pa. Super.] 1940) . . . [I]n avoiding summary judgment [plaintiff] "need not negate all other possible causes of an occurrence, . . . or prove with mathematical certainty, to the exclusion of other possibilities,

that an occurrence could only have been caused in one manner consistent with [the defendants'] liability." ***Agriss v. Roadway Express, Inc.***, [] 483 A.2d 456, 466 ([Pa. Super.] 1984) (citations omitted).

***Id.*** (emphasis added in ***First***).

Similarly, here, we conclude that, even without considering Hitchner's affidavit,[1] there was sufficient evidence in the record from which a jury could reasonably have inferred that the dilapidated condition of the steps caused Hitchner to fall and injure herself. In her deposition testimony, Bartell admitted that the concrete steps were "worn," "uneven," "broken," and "messed up." Bartell Deposition, 4/20/15, at 24, 25, 33. Based on this, and viewing the evidence in the light most favorable to Hitchner as the non-moving party, ***Cresswell***, ***supra***, a jury could have reasonably inferred that the damaged condition of the steps caused Hitchner to slip and fall as she

---

[1] This Court has repeatedly declined to find an abuse of discretion where a trial court discounts affidavits in which an opposing party contradicts prior deposition testimony in an effort to overcome summary judgment. ***See Stephens v. Paris Cleaners, Inc.***, 885 A.2d 59 (Pa. Super. 2005) (no abuse of discretion in grant of summary judgment where trial court disregarded affidavit that contradicted earlier deposition testimony); ***Gruenwald v. Advanced Computer Applications, Inc.***, 730 A.2d 1004 (Pa. Super. 1999) (trial court may disregard affidavit sworn in response to summary judgment motion when it directly contradicts fact and court therefore finds it not wholly credible); ***Lucera v. Johns-Manville Corp.***, 512 A.2d 661 (Pa. Super. 1986) (no abuse of discretion by trial court in disregarding affidavit where affidavit was not "wholly credible"); ***Taylor v. Tukanowicz***, 435 A.2d 181 (Pa. Super. 1981) ("Entry of summary judgment is proper where . . . the evidence relied upon by the plaintiff is inherently incredible."). Accordingly, the court was within its discretion to disregard Hitchner's inconsistent affidavit.

descended. Accordingly, the trial court erred in concluding that there was insufficient evidence of causation to overcome summary judgment.

Hitchner also challenges the trial court's determination that her claim was barred because the condition of the steps was open and obvious and, as such, Bartell did not owe a duty to Hitchner. Hitchner argues that her employment required that she use the steps and that there was no alternative route by which she could enter Bartell's home. Hitchner asserts that Bartell should have anticipated the harm that befell her and, thus, may be held liable despite the open and obvious condition. We agree.[2]

Pursuant to the Restatement (Second) of Torts § 343A,

[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Restatement (Second) of Torts § 343A(1).

Comment f to section 343A provides as follows:

_____

[2] We note that the trial court did not engage in any meaningful analysis of this issue, limiting its discussion to this conclusory statement near the end of its opinion:

Secondly, Defendant asserts and we agree that even if Plaintiff could describe precisely what caused the fall, the condition of the steps was open and obvious and familiar to her. As such, Defendant did not owe a duty to Plaintiff under these circumstances.

Trial Court Opinion, 12/15/15, at 8.

There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm. . . . Such reason may . . . arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.

Restatement (Second) of Torts § 343A, comment f.

Here, Hitchner's employment required her to access Bartell's home to perform her duties as a home care nurse. The steps were the only means to access the residence. Bartell's deposition testimony demonstrates that she was aware of the dilapidated state of the steps; accordingly, she should have anticipated that the dangerous condition they created would cause physical harm to Hitchner. Moreover, because the steps were the sole means of accessing Bartell's home,[3] Bartell should have expected that Hitchner would have no choice but to make use of them, despite the known and obvious danger, because to a reasonable person in Hitchner's position, i.e., a nurse whose job required her to care for Bartell in her home, the

---

[3] Bartell testified at her deposition that Hitchner could have used the neighbor's steps to access her porch. However, by her own admission, doing so would have required Hitchner to climb over a banister when she reached the top of the steps. Bartell Deposition, 4/20/15, at 32. Moreover, Hitchner testified that Bartell never told her she could use the neighbor's steps. Hitchner Deposition, 4/13/15, at 19.

advantages of using the steps would outweigh the apparent risk. ***See id.*** Accordingly, under section 343A of the Restatement, Bartell may be held liable to Hitchner despite the open and obvious condition of the steps.

Order vacated; case remanded for further proceedings in accordance with the dictates of this memorandum. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2016