686 A.2d 18

Leroy R. FIRST and Marilyn R. First, Appellants,

v.

ZEM ZEM TEMPLE, A.A.O.N.M.S. of Erie, Pa., Zem Zem Temple and David Hunter, Individually And t/d/b/a Hunter Rental Center,

v.

Leroy R. FIRST,

v.

NORTHWESTERN SHRINE ASSOCIATION, INC., Appellees.

Superior Court of Pennsylvania.

Argued Oct. 10, 1996.

Filed Dec. 10, 1996.

William J. Kelly, Erie, for appellants.

Anthony J. Sciarrino, Erie, for Zem Zem, appellee.

Scott T. Redman, Pittsburgh, for Hunter, appellee.

Before POPOVICH, FORD ELLIOTT and HESTER, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas of Erie County granting summary judgment in favor of Zem Zem Temple, Northwestern Shrine Association, and David Hunter, t/d/b/a Hunter Rental Center, in an action for personal injuries sustained by Marilyn R. First when she fell while dancing. The lower court's order was based on its belief that there was insufficient evidence to prove that a defect in the dance floor or the unsafe condition of the dance floor caused Marilyn to fall. On appeal, Marilyn and her husband,

Leroy R. First, contend that the lower court erred in concluding that they failed to present sufficient evidence regarding causation and that the lower court failed to read the record in the light most favorable to them. We agree with appellants' assertions, and, consequently, we reverse the lower court's order of summary judgment and remand for proceedings consistent with this opinion.

Our scope of review is plenary when reviewing the propriety of a lower court's entry of summary judgment. *Schriver v. Mazziotti*, 432 Pa.Super. 276, 638 A.2d 224, 225 (1994), *alloc. denied*, 539 Pa. 638, 650 A.2d 52 (1994). We must examine the entire record in the light most favorable to the non-moving party and resolve all doubts against the moving party when determining if there is a genuine issue of material fact. *Chrysler Credit Corp. v. Smith*, 434 Pa.Super. 429, 643 A.2d 1098, 1100 (1994). We will only reverse the lower court's grant of summary judgment if there is a manifest abuse of discretion. *Accu–Weather, Inc. v. Prospect Communications, Inc.*, 435 Pa.Super. 93, 644 A.2d 1251 (1994). Summary judgment should be granted "only in cases where the right is clear and free of doubt." *Chrysler Credit Corp.*, 643 A.2d at 1100 (citation omitted). "Summary judgment serves to eliminate the waste of time and resources of both litigants and the courts in cases where a trial would be a useless formality." *Liles v. Balmer*, 389 Pa.Super. 451, 567 A.2d 691, 692 (1989). In addition, pursuant to Pennsylvania Rule of Civil Procedure 1035(b),[1] summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."

Viewing the record in the light most favorable to appellants, the non-moving party, the record reveals the following pertinent facts: On November 30, 1991, the Firsts were attending

---

1. With the court's grant of the motion for summary judgment on April 1, 1996, the amended Rules of Civil Procedure (effective July 1, 1996) are not applicable here. See Pa.R.Civ.P. 1035.1–.5.

a wedding reception at the Shrine Club in Erie, Pennsylvania. During the reception, they danced on a 9′ × 12′ temporary dance floor supplied by Hunter Rental Center. The dance floor was installed by Zem Zem Temple and consisted of numerous panels which were made of a wooden parquet-type material. While dancing, Marilyn fell and suffered numerous injuries.

On July 8, 1994, the Firsts filed a civil complaint. In their complaint, they set forth two theories of liability against the appellees. They proceeded upon a theory of strict products liability contending that the dance floor on which Marilyn fell was defectively designed, manufactured, assembled and sold by the appellees. They also alleged that the appellees were negligent in failing to insure that the dance floor was safe, failing to install it properly, failing to inspect the floor properly and failing to warn them of the dangerous condition.

In deposition, Marilyn testified that she fell because the heel of her shoe slipped on the dance floor's wooden surface, and that she observed that the dance floor had a section which was lighter in color than the other areas of the floor. N.T. 8/8/1995 p. 10. Robert Kendzierski, the disc jockey at the wedding reception who witnessed Marilyn's fall, testified that "there was a section of the dance floor which was discolored and extremely, extremely slippery." N.T. 12/7/1995 p. 15. He also testified that he noticed that the other couples dancing on the floor avoided the slippery area, made comments alleging that the floor was slippery, and, when they came into contact with the area, appeared to be slipping on the floor's surface. N.T. 12/7/1995 pp. 15–16. He also observed that in one area where the panels of the dance floor were connected there was a "metal lip" which was raised higher than the other areas of the floor. N.T. 12/7/1995 p. 23.

Appellees admitted that Kendzierski testified that sections of the dance floor were discolored, slippery and raised, but argued that the disc jockey further testified that Marilyn did not fall until she was approximately three to four feet away from these areas. N.T. 12/7/1995 p. 45. Therefore,

the appellees argued that the slippery or raised areas of the dance floor could not have caused Marilyn to fall. Following oral argument, the lower court granted the appellees' motion for summary judgment, thereby determining that appellants could not prove that a defect in the floor or the unsafe condition of the floor caused Marilyn's injuries. Specifically, the lower court found that appellants could not identify the reason Marilyn fell on the dance floor and could not prove directly that the identified "hazards" on the floor caused her to fall. We find that there is a genuine issue for trial because appellants presented sufficient circumstantial evidence from which a jury could infer reasonably that a slippery or raised area of the floor caused Marilyn to fall.[2]

**2.** As previously indicated, appellants proceeded on the theories of strict products liability and negligence. Their theory of strict products liability was based on Section 402A of the Restatement (Second) of Torts. Under Section 402A, plaintiffs bear the burden of establishing the existence of a defect, causation between the defect and the injury, and damages. *Jacobini v. V. & O. Press Co.*, 527 Pa. 32, 588 A.2d 476 (1991). In establishing a cause of action in negligence, plaintiffs bear the burden of demonstrating that there was a duty or obligation recognized by law, breach of that duty by the defendants, a causal connection between the defendants' breach of that duty and the resulting injury, and actual loss or damage suffered by the complainants. *Reilly v. Tiergarten, Inc.*, 430 Pa.Super. 10, 633 A.2d 208, 210 (1993). Essential to both theories is the element of causation. While our supreme court has admitted difficulty in defining exactly what constitutes the nexus between wrongful acts or omissions, i.e., causation, it is beyond dispute that in this jurisdiction causation involves two separate and distinct concepts, cause in fact and legal (or proximate) cause. *See Reilly, supra.*

> Cause in fact or 'but for' causation provides that if the harmful result would not have come about but for the negligent conduct then there is a direct causal connection between the negligence and the injury. Legal or proximate causation involves a determination that the nexus between the wrongful acts (or omissions) and the injury sustained is of such a nature that it is socially and economically desirable to hold the wrongdoer liable.

*E.J. Stewart, Inc. v. Aitken Products, Inc.*, 607 F.Supp. 883, 889 (E.D.Pa.1985)(citations omitted). The test for proximate causation is whether the appellees acts or omissions were a "substantial factor" in bringing about appellant's harm. *Takach v. B.M. Root Co.*, 279 Pa.Super. 167, 420 A.2d 1084 (1980). In analyzing this case, the lower court determined that there was not sufficient evidence to establish factual causation, that is, the court determined that appellants failed to prove that "but for" a defect or the unsafe condition of the dance floor Marilyn would not have fallen. Lower Court Opinion dated 4/1/1996

554 

██ Although it is clear that a jury is not permitted to reach a verdict based upon guess or speculation, it is equally clear that a jury may draw inferences from all of the evidence presented. *Cade v. McDanel*, 451 Pa.Super. 368, 679 A.2d 1266 (1996).

It is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability.... The facts are for the jury in any case whether based upon direct or circumstantial evidence where a reasonable conclusion can be arrived at which would place liability on the defendant. It is the duty of [the] plaintiffs to produce substantial evidence which, if believed, warrants the verdict they seek. The right of a litigant to have the jury pass upon the facts is not to be that a reasonable man might properly find either way. A substantial part of the right to trial by jury is taken away when judges withdraw close cases from the jury. Therefore, when a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deductible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith.

*Cade*, 679 A.2d at 1271 (quoting *Smith v. Bell Telephone Co. of Pennsylvania*, 397 Pa. 134, 153 A.2d 477, 480 (1959)).

██ We conclude that appellants' evidence met the *Smith* test for circumstantial proof. Without resort to conjecture, the jury would have had a rational basis to choose, over any other inference suggested by the evidence, the inference that there was a defect in the dance floor, that the dance floor was unsafe and that Marilyn fell as a result thereof. We note that the lower court agreed with our conclusion that there was

pp. 7–8. On appeal, appellants and appellees have restricted their arguments to the theory of factual causation. Accordingly, our discussion is limited to whether appellants produced sufficient evidence to establish that a defect or the unsafe condition of the dance floor was the factual cause of Marilyn's fall.

sufficient evidence to infer that certain "hazards" existed on the dance floor. However, the lower court then concluded that there was not sufficient evidence to infer that these "hazards" caused Marilyn to fall because she fell approximately three to four feet away from the slippery or raised areas of the floor. Lower Court Opinion dated 4/1/1996 p. 15.[3] We find that this was error.

"Negligence may be established by circumstantial evidence, and where a plaintiff describes the nature and location of a fall, it is for the jury to determine whether a defect which existed in the *small* area described was the cause of the injury, and if the defect was of sufficient consequence to charge defendants with negligence [or strict products liability] ... is for the jury." *Frazier v. City of Pittsburgh*, 142 Pa.Super. 88, 15 A.2d 499, 500 (1940) (emphasis added). Here, the entire dance floor covered a 9' × 12' area. The disc jockey testified that he examined the dance floor and discovered that it contained two "hazardous" conditions, i.e., a slippery, discolored area and a raised area. He further testified that Marilyn fell after she had passed through the "hazardous" areas. From this, we find that the jury could reasonably conclude that Marilyn fell either because the dance floor was slippery or because it was raised in a certain area. For those

3. Although the lower court's opinion analyzed the concept of factual causation primarily, the court also briefly discussed the concept of proximate causation. In its opinion, the court indicated that even if a "hazard" existed and Marilyn fell as a result thereof, she was unable to prove that the appellees should be held liable for her injuries because "any number of circumstances could have caused the slick [or raised] spots on the floor. It could have been the sweat of the dancers, moisture created by the temperature control process, a spilled drink, etc." Lower Court Opinion dated 4/1/1996 pp. 12–13. We find that appellants presented sufficient evidence to enable the fact finder to infer reasonably that the appellees were a substantial factor in creating the slippery or raised areas of the dance floor. In deposition, the disc jockey clearly testified that no drinks were spilled on the dance floor during the afternoon in question. N.T. 12/7/1995 pp. 33, 43. He also testified that he inspected the dance floor and concluded that the slippery, discolored area and the raised area were an inherent part of the dance floor. N.T. 12/7/1995 pp. 23, 37. There was no testimony that the slippery, discolored area or the raised area of the dance floor resulted from the sweat of the dancers, moisture created by the temperature control process or from any other source.

who may argue that there was room for impermissible speculation as between appellants' two theories of causation, we emphasize that in avoiding summary judgment appellant "need not negate all other possible causes of an occurrence, ... or prove with mathematical certainty, to the exclusion of other possibilities, that an occurrence could only have been caused in one manner consistent with ... [the appellees'] liability." *Agriss v. Roadway Express, Inc.*, 334 Pa.Super. 295, 483 A.2d 456, 466 (1984) (citations omitted).

Taken as a whole, we find that appellants presented sufficient evidence to create a jury question on causation, and, consequently, the lower court erred in granting summary judgment in favor of the appellees.

Order entering summary judgment reversed and the matter remanded for a new trial. Jurisdiction relinquished.