J-S44005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PATRICK J. MCHALE, III, EXECUTOR OF THE ESTATE OF BETTY JANE MCHALE, DECEASED AND PATRICK J. MCHALE, III, IN HIS OWN RIGHT, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RIDDLE MEMORIAL HOSPITAL AND MAIN LINE HEALTH, INC. AND JOHN S. MCMANUS INC., SHEWARDSHIP PARTNERSHIP, LLC, TIMOTHY HAAHS & ASSOCIATES, INC. AND TRAFFIC & SAFETY SIGNS, INC. AND STRIPE-A-LOT, INC. | |
| Appellee | No. 3749 EDA 2016 |

Appeal from the Order Entered September 22, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 13-5890

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 22, 2017**

Appellant, Patrick J. McHale, III, Executor of the Estate of Betty Jane McHale, deceased, and in his own right, appeals from the trial court's order entered September 22, 2015, granting summary judgment in favor of Appellees, Riddle Memorial Hospital and Main Line Health, Inc. (referred to collectively herein as "RMH/MLH").[1,2]  We affirm.

---

[1] The trial court explains why Appellant is presently contesting the September 22, 2015 order *infra.*

The trial court summarized the procedural and factual history of this case as follows:

Appellant initiated the instant action against [RMH/MLH] with the filing of a complaint on June 14, 2013[,] seeking damages for an alleged accident that occurred in a multileveled garage owned by [RMH/MLH]. Appellant filed an amended complaint on October 10, 2013. Appellant claims that the decedent, Betty McHale [("Decedent")], tripped and fell over a parking bumper while returning from her cardiac rehabilitation appointment to her vehicle, which was parked in a handicap spot. There were no witnesses to the accident and [D]ecedent slipped into a coma following the accident and never regained consciousness.

[RMH/MLH] filed a joinder complaint on November 6, 2013[,] joining John S. McManus, Inc., Sheward Partnership, LLC[,] and Timothy Haahs & Associate, Inc. as additional defendants. John S. McManus filed a joinder complaint on April 28, 2014[,] joining Traffic & Safety Signs, Inc. and Stripe-A-Lot as additional defendants. [RMH/MLH] filed their motion for summary judgment on January 16, 2015. Appellant filed a response to that motion on March 25, 2015[,] and [RMH/MLH] filed a reply memorandum on April 7, 2015. A hearing on the motion for summary judgment was held on August 13, 2015. Pursuant to the additional case law provided by Appellant at the hearing, [RMH/MLH] filed a second reply memorandum on August 24, 2015. The motion for summary judgment was granted by Order dated September 21, 2015[,] and docketed on September 22, 2015. Appellant filed a notice of appeal on September 29, 2015. On August 2, 2016, the Superior Court quashed the September 21, 2015 appeal as it was not based on a final order that disposed of all claims. The August 2, 2016 Order stated, "[o]ur review of the record in this case reveals that a claim against … Stripe-A-Lot remains pending in the trial court." On November 17, 2016, Appellant filed a Praecipe to Discontinue the action against … Stripe-A-Lot, rendering the September 21, 2015 Order

*(Footnote Continued)* ———————————

[2] On appeal, Appellant only challenges the propriety of the entry of summary judgment in favor of RMH/MLH, and not the entry of summary judgment in favor of any of the additional defendants. *See* Appellant's Reply Brief at 1.

- 2 -

granting Summary Judgment final to all parties. Appellant filed the instant notice of appeal on November 29, 2016.

Trial Court Opinion (TCO), 1/24/2017, at 2-3 (internal citations omitted).

Following Appellant's November 29, 2016 notice of appeal, the trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court subsequently issued an opinion dated January 24, 2017, setting forth its reasoning for granting summary judgment in favor of RMH/MLH. As discussed further *infra*, the trial court explained that "Appellant failed to provide any evidence to [his] claim that the negligence of [RMH/MLH] **caused** [D]ecedent's accident and injuries...." *Id.* at 1-2 (emphasis added).

Presently, on appeal, Appellant raises the following issues for our review:

1. Did the trial court commit an error of law by failing to apply the appropriate standard of review when deciding the motions for summary judgment?

2. Did the trial court commit an error of law in concluding that Appellant did not present sufficient direct and circumstantial evidence to create a genuine issue of material fact requiring submission to the jury of issueas [*sic*] to whether [RMH/MLH] had breached its duty of care to Decedent...?

3. Did the trial court commit an error of law in substituting its own, incorrect version of the facts, usurping the province of the jury, to conclude that there was no basis upon which a jury could properly find that [Decedent] fell over the five and one-half inch high concrete colored parking bumper as she walked from the handicapped designated walkway to the driver's side door of her car?

4. Were the multiple statements made by [Decedent] to medical personnel both at the scene of her fall and in the

> Emergency Room immediately thereafter admissible as substantive evidence under Pennsylvania law?

Appellant's Brief at 3.

Initially, we set forth our standard of review:

> [S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.

*Truax v. Roulhac*, 126 A.3d 991, 996 (Pa. Super. 2015) (*en banc*) (internal citations and quotations omitted). We additionally note:

> [O]ur responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Id.* at 997 (citations omitted). "[F]ailure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." *Id.* (citation omitted). Finally, "an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." *Id.* at 996 (citation omitted).

As stated above, Appellant claims that the trial court committed an error of law "by failing to apply the appropriate standard of review when

deciding the motions for summary judgment[.]" Appellant's Brief at 14 (emphasis and unnecessary capitalization omitted). He challenges the trial court's finding that "any conclusions concerning the cause of [D]ecedent's fall would necessarily be the result of pure speculation and conjecture." *Id.* at 15 (citation omitted). Appellant cites to the expert report of John S. Posusney, P.E., in which Mr. Posusney "opine[s] that the placement of the low, hard to discern, unpainted parking bumpers was a breach of [RMH/MLH's] duty to [their] business invitee, [Decedent], and created a trap, in conjunction with the non-compliant handicapped walkway, for the unwary pedestrian." *Id.* at 9*; see also id.* at 16-20. Thus, Appellant claims that "the logical, favorable inference which [Decedent] was entitled to as a matter of law in a ruling on a [m]otion for [s]ummary [j]udgment was that she fell over the low, hard to see parking bumper as she attempted to get to the driver's side door of her vehicle." *Id.* at 21.

In granting summary judgment in favor of RMH/MLH, the trial court determined that Appellant failed to provide evidence that RMH/MLH's alleged negligence (*i.e.*, the condition of the parking bumper or walkway) caused Decedent's fall and resulting injuries. *See* TCO at 1-2. Specifically, it explained:

> In the instant action, Appellant only provided proof of the alleged negligence and that an accident occurred. The only evidence produced shows that [D]ecedent was found on the ground near an unknown vehicle, that she told someone she tripped over a curb, which that person interpreted to mean a parking bumper, and that the parking spaces in the garage had unpainted parking bumpers. Appellant failed to produce evidence concerning how

- 5 -

[D]ecedent tripped, how [D]ecedent fell or the location of the fall. There is no evidence to show why [D]ecedent believed it was a parking bumper she fell or tripped over or how long it took her to reach such a conclusion. There is also no evidence to show what path [D]ecedent took to her vehicle, which parking bumper, if any, [D]ecedent fell over or near or what [D]ecedent was doing at the time of her fall. Even if [D]ecedent did, in fact, trip and fall over a parking bumper, there is no evidence to establish that it was the condition of the garage or the parking bumper that caused her to trip and fall. Furthermore, there is no evidence of whether [D]ecedent saw or was aware of the parking bumper prior to or at the time of her fall or, if [D]ecedent did not see the parking bumper, whether [D]ecedent could have seen the parking bumper with reasonable due care (*i.e.*, whether the parking bumper was in plain sight or hidden). Any conclusions concerning the cause of [D]ecedent's fall would necessarily be the result of pure speculation and conjecture.

Appellant attempts to support [his] conclusions with the fact that one of the parking bumpers may not have been centered in one of the parking spaces and that one of several available pathways to [D]ecedent's vehicle was not code compliant. However, there is no factual support for the conclusion that [D]ecedent used the defective pathway since it was one of at least two (2) paths to her vehicle, or that [D]ecedent tripped over any particular parking bumper.[3] Any such conclusions would be the result of

---

[3] Appellant's expert, Mr. Posusney, specifically stated:

Given the direction that [Decedent] was walking before she tripped, the parked vehicle in the third handicap parking [space] would have impeded her view. Furthermore, there was an encroachment into the accessible route as the result of a concrete column near the third handicap space. This caused [Decedent] to be further to her right to avoid this obstruction on her left, closer to the parked vehicle and the incident concrete wheel stop. Additionally, the accessible route had an excessive cross slope away from the wall on her left. This also directed her to her right, to the bottom of the "hill." The accessible route was an un[-]level walking surface and difficult to walk on. Her left leg was uphill and her right leg was down hill [*sic*]. As [Decedent] turned to her right to access her vehicle, she was tripped by the end of the concrete wheel stop[15] that projected

*(Footnote Continued Next Page)*

pure speculation and conjecture. Therefore, any evidence concerning that walkway or particular parking bumper is not relevant and allowing a jury to consider those facts as proof of causation would be extremely prejudicial to [RMH/MLH]. Furthermore, without evidence that [D]ecedent did in fact use the subject walkway and did in fact trip over that particular parking bumper, there is no proof that those alleged defects caused [D]ecedent's fall and injuries, as Appellant's theory is one of many possibilities that could have reasonably caused [D]ecedent to fall. As such, Appellant has failed to meet their burden and summary judgment in [RMH/MLH's] favor is proper.

TCO at 8-10 (internal citations omitted). We agree with the trial court's analysis.

> This Court has previously explained:
>
> In trying to recover for an action in negligence, a party must prove four elements. They are:
>
> > 1. A duty or obligation recognized by law.
> >
> > 2. A breach of the duty.
> >
> > 3. ***Causal connection between the actor's breach of the duty and the resulting injury.***

*(Footnote Continued)* ──────────

> beyond the side of the vehicle in the third handicap parking space.
>
> [15] It cannot be ascertained if the concrete wheel stop was centered in the parking space at the time of the accident.

***See*** Appellant's Brief at 18-19. Based on our review of the record, we agree with the trial court and RMH/MLH that "Mr. Posusney predicated his findings and conclusions on facts not found in the record." ***See*** RMH/MLH's Brief at 13; TCO at 9. We note that, "[E]xpert testimony is incompetent if it lacks an adequate basis in fact. While an expert's opinion need not be based on absolute certainty, an opinion based on mere possibilities is not competent evidence. This means that expert testimony cannot be based solely upon conjecture or surmise." ***Helpin v. Trustees of University of Pennsylvania***, 969 A.2d 601, 617 (Pa. Super. 2009) (citation omitted).

4. Actual loss or damage suffered by complainant.

It is beyond question that the mere existence of negligence and the occurrence of injury are insufficient to impose liability upon anyone as there remains to be proved the link of causation. Furthermore, our Supreme Court has stated that "... even when it is established that the defendant breached some duty of care owed the plaintiff, it is incumbent on a plaintiff to establish a causal connection between defendant's conduct, and it must be shown to have been the proximate cause[4] of plaintiff's injury."

*Lux*, 887 A.2d at 1286 (emphasis in original; internal citations omitted).

In their briefs, both parties discuss the case of *First v. Zem Zem Temple*, 686 A.2d 18 (Pa. Super. 1996). In that case, while at a wedding reception, a woman fell while dancing on a dance floor "consist[ing] of numerous panels which were made of a wooden parquet-type material[.]" *Id.* at 20 (citation omitted). The woman subsequently sued multiple defendants connected to the dance floor, alleging, in part, that they "were negligent in failing to insure that the dance floor was safe, failing to install it properly, failing to inspect the floor properly and failing to warn [the woman] of the dangerous condition." *Id.* During discovery, the disc jockey at the wedding testified that "a section of the dance floor … was discolored and extremely, extremely slippery[,]" and that "in one area where the panels of the dance floor were connected there was a metal lip, which was raised

---

[4] "Proximate causation is defined as a wrongful act which was a substantial factor in bringing about the plaintiff's harm." *Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1286 (Pa. Super. 2005) (citation omitted). "Proximate cause is a question of law to be determined by the court before the issue of actual cause may be put to the jury." *Id.* at 1287 (citation omitted).

higher than the other areas of the floor." *Id.* (internal quotation marks and citations omitted). The woman also testified that "she fell because the heel of her shoe slipped on the dance floor's wooden surface, and that she observed that the dance floor had a section which was lighter in color than the other areas of the floor." *Id.*

The defendants moved for summary judgment, arguing that the woman "did not fall until she was approximately three or four feet away from these areas[,]" and therefore "the slippery or raised areas of the dance floor could not have caused [her] to fall." *Id.* at 20-21 (citation omitted). The trial court agreed and entered summary judgment in favor of defendants, determining that the woman "could not identify the reason she fell … and could not prove directly that the identified 'hazards' on the floor caused her to fall." *Id.* at 21.

On appeal, we reversed, concluding that the woman "presented sufficient circumstantial evidence from which a jury could infer reasonably that a slippery or raised area of the floor caused [her] to fall." *Id.* (footnote omitted). We observed:

> Although it is clear that a jury is not permitted to reach a verdict based upon guess or speculation, it is equally clear that a jury may draw inferences from all of the evidence presented. *Cade v. McDanel*, 451 Pa.Super. 368, 679 A.2d 1266 (1996).
>
>> It is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability....***The facts are for the jury in any case whether based upon direct or circumstantial evidence where a reasonable***

- 9 -

> *conclusion can be arrived at which would place liability on the defendant. It is the duty of [the] plaintiffs to produce substantial evidence which, if believed, warrants the verdict they seek.* The right of a litigant to have the jury pass upon the facts is not to be that a reasonable man might properly find either way. A substantial part of the right to trial by jury is taken away when judges withdraw close cases from the jury. *Therefore, when a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deductible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith.*
>
> *Cade*, 679 A.2d at 1271 (quoting *Smith v. Bell Telephone Co. of Pennsylvania*, 397 Pa. 134, 153 A.2d 477, 480 (1959)).

*First*, 686 A.2d at 21 (emphasis added). Based on the foregoing, the *First* Court determined that "[w]ithout resort to conjecture, the jury would have had a rational basis to choose, over any other inference suggested by the evidence, the inference that there was a defect in the dance floor, that the dance floor was unsafe and that [the woman] fell as a result thereof." *Id.* at 22.

Assuming *arguendo* that Decedent did trip over a parking bumper in the case *sub judice*, it is totally ambiguous why Decedent may have tripped over it. Unlike in *First* where there was evidence that the woman fell because her shoe's heel slipped on the dance floor's surface and the disc jockey confirmed that sections of the dance floor were "extremely slippery[,]" *First,* 686 A.2d at 20, there is no similar evidence in this case

- 10 -

that Decedent tripped over the parking bumper **because** it was allegedly unpainted or off-centered, as argued by Appellant. As discerned by the trial court, "[t]he only evidence produced shows that [D]ecedent was found on the ground near an unknown vehicle, that she told someone she tripped over a curb, which that person interpreted to mean a parking bumper, and that the parking spaces in the garage had unpainted parking bumpers." TCO at 8.[5] Thus, it would be conjecture to find that RMH/MLH's purported failure to maintain painted parking bumpers or compliant walkways caused Decedent to fall. Further, as the trial court emphasized above, "Appellant's theory is one of many possibilities that could have reasonably caused [D]ecedent to fall." **Id.** at 9. In contrast to **First** — where the woman could testify to the nature and location of her fall, and there was a witness to it — the jury here would have no rational basis to choose Appellant's theory of causation over any other theory suggested by the evidence given the meager factual record. **See First**, 686 A.2d at 21, 22. We therefore conclude that Appellant has not proffered sufficient evidence to establish a causal connection between RMH/MLH's allegedly non-compliant parking bumper and walkway, and Decedent's injuries. As Appellant has not

_____

[5] **Accord** Appellant's Brief at 4-7, 33 ("[Decedent] was on her way to her car to get home; her car was parked in the fourth handicapped space from the walkway, she was found on the ground, in the area of the handicapped parking spaces, sitting up after having fallen and injured her hand, shoulder, chest, face and head in a fall which she consistently and repeatedly described as a trip over the parking curb.").

persuaded us that the trial court committed an error of law or abused its discretion, we affirm the trial court's order granting summary judgment to RMH/MLH.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2017

---

[6] Because we deem this issue to be dispositive, we do not address Appellant's other issues.