J-A19023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| PAMELA D. SHIFFLETT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOAN K. MENGEL | : | No. 1517 MDA 2021 |

Appeal from the Judgment Entered November 23, 2021
In the Court of Common Pleas of Lebanon County Civil Division at No(s):
2018-01553

BEFORE:   BOWES, J., KING, J., and STEVENS, P.J.E.*

DISSENTING MEMORANDUM BY BOWES, J.:          **FILED MARCH 20, 2023**

I agree with my esteemed colleagues that Appellant is not entitled to judgment notwithstanding the verdict, as I do not believe the trial evidence was such that there was no causation question for the jury to resolve. However, I would hold that the trial court's jury instruction as to causation had the tendency to confuse or mislead the jury such that a new trial is warranted.

I have no dispute with the Majority's recitation of the law applicable to review of a challenge to a trial court's charge to the jury.  As the Majority accurately states, a new trial is warranted only if "the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse[.]"  Majority

_____

* Former Justice specially assigned to the Superior Court.

Memorandum at 13 (quoting **Salsgiver Commc'ns, Inc. v. Consol. Commc'ns Holdings, Inc.**, 150 A.3d 957, 962-63 (Pa.Super. 2016)). Pennsylvania's Suggested Standard Jury Instructions ("SSJI") are instructive, although not mandatory. **Id**. at 14. In any event, the language chosen by the trial court in instructing the jury must fully and accurately state the law in the required clear and unconfusing manner. **Id**.

The pertinent law is that, to recover for negligence, a plaintiff must prove four elements: "(1) a legally recognized duty that the defendant conform to a standard of care; (2) the defendant breached that duty; (3) causation between the conduct and the resulting injury; and (4) actual damage to the plaintiff." **Massaro v. McDonald's Corp.**, 280 A.3d 1028, 1035–36 (Pa.Super. 2022) (cleaned up). We have explained that "the plaintiff's burden of causation has two components[, namely] (1) cause-in-fact and (2) legal or proximate cause." **Pomroy v. Hosp. of Univ. of Pennsylvania**, 105 A.3d 740, 745 (Pa.Super. 2014). "[A] negligent act is a cause-in-fact of the plaintiff's injuries if the harmful result would not have come about but for the negligent conduct." **Straw v. Fair**, 187 A.3d 966, 993 (Pa.Super. 2018) (cleaned up) (quoting **First v. Zem Zem Temple**, 686 A.2d 18, 21 n.2 (Pa.Super. 1996)). "'Proximate' or 'legal' causation in turn is defined as that which, in a natural and continuous sequence, unbroken by any sufficient intervening cause, produces injury, and without which the result would not have occurred." **McPeake v. William T. Cannon, Esquire, P.C.**,

553 A.2d 439, 441 (Pa.Super. 1989) (cleaned up). "Legal or proximate causation involves a determination that the nexus between the wrongful acts (or omissions) and the injury sustained is of such a nature that it is socially and economically desirable to hold the wrongdoer liable." **Zem Zem Temple**, **supra** at 21 n.2 (cleaned up).

These concepts are often difficult for people trained in the law to grasp, let alone lay jurors. **See** Pa. SSJI (Civ) §13.20 at Subcommittee Note (2020) (observing that "proximate cause, a term that attempts to give substance to the distinction between factual cause and legal cause . . . 'means nothing to an ordinary jury'") (quoting **Rodgers v. Yellow Cab Co.**, 147 A.2d 611, 617 (Pa. 1959)). Our courts have utilized different terminology over the years to try to express the legal constructs to juries, including "substantial factor" taken from the Restatement (Second) of Torts § 431 (1965). **Id**. (citing **Ford v. Jeffries**, 379 A.2d 111 (Pa. 1977)).

However, the word "substantial" is commonly used outside the law to suggest a quantitative element that does not pertain to legal causation. **See id**. at n.d2 (collecting definitions for the word substantial, including "considerable in quantity: significantly large" and "being largely but not wholly that which is specified"). Thus, although Pennsylvania courts have cited the Restatement's "substantial factor" test with approval, because it has "led to some confusion among jurors," the most recent SSJI concerning causation reflects "that the emphasis [should] be on cause and that the definition of

factual cause be so stated as to emphasize that it need not be so considerable or large as to be confused with the plaintiff's burden of proof, which is considerably higher." *Id*. at Subcommittee Note.

Accordingly, to avoid making causation "so cumbersome as to be unintelligible to all but the legally educated juror," "most of the usual legal phrases have been jettisoned" from the suggested instruction by the SSJI subcommittee. *Id*. Instead, the factual cause instruction covers both the concepts of factual and legal causation. That suggested instruction, faithfully quoted by the Majority, provides as follows:

> In order for [*name of plaintiff*] to recover in this case, [*name of defendant*]'s [**negligent**] [grossly negligent] [reckless] **conduct** must have been a factual cause in bringing about harm. **Conduct** is a factual cause of harm when the harm would not have occurred absent the conduct. To be a factual cause, the **conduct** must have been an actual, real factor in causing the harm, even if the result is unusual or unexpected. A factual cause cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.
>
> To be a factual cause, [*name of defendant*]'s **conduct** need not be the only factual cause. The fact that some other causes concur with [*name of defendant*]'s **negligence** in producing an injury does not relieve [*name of defendant*] from liability as long as [his] [her] [their] own **negligence** is a factual cause of the injury.

*See* Majority Memorandum at 15-16 (quoting SSJI (Civ) §13.20) (emphases added).

My emphases in the above quotation signal my next point. Whether "factual cause" or "substantial factor" is used to describe causation to a jury, it is plain that the question for the fact-finder is whether the defendant's

negligent conduct caused the plaintiff's harm, not whether the direct physical manifestation of the negligent conduct was the cause. In many cases they are one and the same, as the plaintiff is injured when the automobiles collide, the improperly-secured cargo falls on her, or an unsupervised dog bites her. However, in cases such as the one *sub judice*, the lack of a direct, immediate connection between the negligent conduct and the injury resulting therefrom is capable of confusing a jury. The suggested jury instruction attempts to clarify this for jurors in its second paragraph, and the trial court's instructions in this case sought to do the same, by specifying that the conduct need not be the only cause of the harm, only one of potentially several actual causes. In most cases, I believe this clarification would be sufficient to ensure that the jury has an accurate explanation of the law.

At the end of the day, as noted above, the question we must decide is whether "the charge as a whole . . . ha[d] a tendency to mislead or confuse" the jury. Majority Memorandum at 13. In my mind, neither the ambiguity of the "substantial factor" terminology nor the conflation of "negligent conduct" and "collision" or "accident" necessarily would itself give rise to a jury charge so misleading as to warrant a new trial. However, I believe that the particular facts of this case—where the initial negligent conduct manifested in a collision that placed the plaintiff in a dangerous position that allegedly caused her injury after the collision—render the combination of the two confusing aspects of the trial court's choice of language reversible error.

Appellee's negligent conduct was identified by the trial court at the outset of the jury charge as follows: "The Defendant was negligent. She admits that she was negligent in crossing the center line in the road." N.T. Trial, 8/10/21, at 11. Thereafter, however, the trial court's discussion of the negligent conduct substantially (as in both materially and largely) referred to "the accident" when indicating the admitted negligent conduct.

This use of negligence, negligent conduct, collision, and accident interchangeably is far from uncommon. Indeed, the use of "accident" in place of "negligent conduct" is prevalent in the discussion of factual cause provided the subcommittee note to Pa. SSJI (Civ.) § 13.20 itself. However, although the Appellee's negligent conduct (here driving on the wrong side of the road), had the immediate effect of causing a vehicular collision ("car accident" or "accident" in common parlance), the conduct and the immediate result are not determinative of Appellant's claim. Appellant contends that she suffered her ankle injury, the most substantial injury she alleged, not in or during the accident, but after the accident happened as a result of being pushed off the road due to the negligent conduct of Appellee. While the trial court dismissed Appellant's arguments on this point as "semantics,"[1] I submit that the facts of

---

[1] *See* N.T. Trial, 8/10/21, at 29.

- 6 -

this case are such that the distinction makes a difference in terms of assessing the potential for confusion that is apparent from a review of the instructions.[2]

The Majority reproduces a sizeable portion of the trial court's charge that I will not reiterate herein. **See** Majority Memorandum at 16-17 (quoting N.T. Trial, 8/10/21, at 11-14). I note that the excerpt quoted by the Majority

_____

[2] The Majority finds that Appellant waived the issue of the substitution of "accident" for "negligent conduct" by failing to develop it in her brief. **See** Majority Memorandum at 13 n.5. I disagree. Appellant clearly presented the argument to this court and tied it into her lengthier argument against the use of "substantial factor," contending, inter alia, as follows:

> The trial court further muddled the causation charge by instructing the jury that Plaintiffs injuries must have been caused "by the accident" rather than "by the Defendant's negligence." Neither Plaintiff nor Defendant asked the court to instruct the jury that Plaintiff must prove harm caused "by the accident." The use of "by the accident" was yet another decision by the trial court to ignore the causation instruction requested both parties. The SSJI instruction both parties requested, focuses on "negligent conduct." It does not use the term "accident." Since this case involved an ankle injury suffered after the accident when Plaintiff walked in the dark in the dangerous culvert into which Defendant had pushed her, the trial court's decision to flip-flop between "substantial factor" and "factual cause" was made even more confusing by the trial court repeatedly telling the jury that Plaintiff must prove harm caused "by the accident" rather than "by defendant's negligence." Instead of providing the jury with the clear instruction regarding causation that both parties agreed should be used, the trial court imposed its own confusing and erroneous instruction that ignored the requests of the parties and the reality that trial and appellate courts across Pennsylvania recognize that SSJI §13.20 (Factual Cause) is a clear, complete, and accurate instruction.

Appellant's brief at 27 (footnote omitted). I find the argument sufficiently developed in the brief to permit review.

evinces the use of the term "accident" sixteen times while referencing Appellee's "conduct" only twice. The jury was repeatedly told that Appellant was entitled to recover only if "the accident" was a "substantial factor" in causing the harm of which Appellant complained. *See*, *e.g.*, *id*. at 16 (quoting N.T. Trial, 8/10/21, at 12) ("[I]n order for plaintiff to recover, the accident must be a substantial factor in bringing about the harm to the plaintiff."); *id*. at 17 (quoting N.T. Trial, 8/10/21, at 13-14) ("[A]n accident will be deemed a factual cause if it is a substantial factor in bringing about Appellant's harm. . . . You need only decide if the accident was a substantial factor in bringing about any harm." (cleaned up).

The impression created in this portion of the jury charge, namely that that Appellant could not recover unless her ankle injury was largely linked to the collision itself, was reinforced by the court's damages instructions and summation, which I reproduce in substantial (large) part:

> With respect to medical expenses the parties have agreed that [Appellant] has incurred $2,434.16 in medical expenses that she will be responsible for paying. In addition, the parties have stipulated that [Appellant] has already expended $3,534.00 in out-of-pocket expenses relating to her ankle injury. These two items total $5,968.16. . . .
>
> If you agree that all of [Appellant]'s problems that she described to you and that the doctor described to you, if you agree that **all of them relate to the accident**, then you must compensate her in the amount of $5,968.16. But keep in mind that the Defendant disputes that all of these damages **relate to the automobile accident**.
>
> You can find that none of these problems related to **the accident**. If you find that then you do not have to award anything

- 8 -

for medical or out-of-pocket expenses. You can find that only some of her problems related to **the accident**. If you find that then you are at liberty to award an amount less than $5,968.16. It is up to you, and you alone, to decide how much of these claimed expenses related to the accident. And any amount that you find did relate to **the accident**, you are duty bound to award that amount.

. . . .

A plaintiff is entitled to recover wages that he or she lost as **a result of an automobile accident**. This includes lost hours. A plaintiff does not have to be completely prevented from working in order to receive damages for lost wages or lost earnings.

. . . .

Thus, if you find that [Appellant] did in fact lose hours **as a result of the accident**, you can compensate her for the money that she lost by virtue of losing those hours. But, as I said to you with respect to medical expenses, to the extent that you find that [Appellant]'s problems **did not relate to the accident**, or to the extent that you find she cut back hours for reasons having **nothing to do with the accident**, then to that same extent you do not have to award damages for lost wages.

. . . .

Now, let me summarize. I have hit you with a lot. Let me summarize, if I can, your role and what you will have to decide and the law that governs it. I will go over five points.

Point No. 1: [Appellant] is entitled to recover monetary damages only if you find the accident was a factual cause, a substantial factor, in bringing about some harm to [Appellant].

Two, **if you find that the accident did cause some harm, then you must award some damages**. I will repeat that: If you find that **the accident** did cause some harm, then you must award some damages. However, as you analyze damages you are not required to find that everything claimed by the Plaintiff was **related to this accident**. Under the facts of this case, you could determine that some of the harm related to **the**

**accident**. You could determine that all of the harm claimed related to **the accident**.

In any event **you should award damages only for the harm that you find to be related to the accident**. I will repeat that, as well. If you find causation, you must award damages. But if you find that there were other things in play, if you find that [Appellant] did not suffer all of the harm she claimed, then you should award damages **only for the harm that you find to be related to the accident**. That is Point No. 2.

Point No. 3: Medical and out-of-pocket expenses total $5,968.16. You determine whether all, none, or a portion of this amount related to **the accident**, and then you award an amount that you believe was related to **the accident**.

Point No. 4: In terms of future lost earnings, you determine whether [Appellant] is unable to work to her full potential because of the injuries she suffered **in the accident**. If you find that [Appellant] did suffer lost wages as a result of **the accident**, you should compensate her for the difference between the dollar amount you believe she would have been able to earn for the rest of her career without **the accident**, and the amount that you believe she is now able to earn given **the accident**. The difference is what you award.

Point No. 5: General damages are awarded based upon your determination of how [Appellant]'s life was impacted by **the accident**. To the extent that [Appellant] suffered a degradation of her ability to enjoy life, you must compensate her for that loss. No one can suggest a dollar figure to you for pain, suffering, aggravation, inconvenience, et cetera. You, and you alone, have to determine an amount that you believe is fair to compensate [Appellant] for these damages.

N.T. Trial, 8/10/21, at 15-22 (emphases added).

At the conclusion of the charge, Appellant's counsel took issue with the

repeated use of the term "accident" in connection with factual cause:

I think the jury verdict slip asks was negligence a factual cause, which is the question. Over and over again you said accident.

- 10 -

I don't want there to be confusion between your instructions that kept saying Accident. Accident. Accident. I would like to request some form of clarification that when you said accident, you were referencing negligence as well.

*Id*. at 28-29.

The trial court implicitly conceded that the charge as given was not sufficient, stating on the record to counsel for both parties:

THE COURT:  . . . I believe that they are probably going to come back and ask me to clarify the law.

When they do, I will talk with both of you. I still don't know 100-percent what I am going to say. You win if they believe that her twisting of her ankle while she was walking around would not have occurred but for the fact that she was pushed off the road.

. . . .

I'll tell them that one more time: The Defendant is negligent and that negligence caused the vehicle to go off the road. That is not in dispute. I am not going to tell them now at this point in time that negligence caused her to twist her ankle.

[Appellant's counsel]:  I'm not asking you to tell them that. That's not my point, Your Honor.

My point is that someone could interpret your instructions saying caused by the accident in light of [Appellee's] argument that [Appellant] did not injure her ankle in the accident, therefore, that is not responsive. That is not the law.

*Id*. at 29-30. The jury did not ask the court to clarify, but instead concluded that Appellee's negligence caused no harm to Appellant.

Considering the charge as a whole, I am convinced that it is reasonably likely that the trial court's choice of verbiage may have caused the jury to believe that Appellant had not met her burden of proof unless she established

that her ankle injury occurred in large part during the impact of Appellee's vehicle with Appellant's vehicle. Since that is not the law, the trial court's instruction was confusing and misleading and was reasonably likely to have impacted the verdict. Therefore, I would award Appellant a new trial. **Accord** ***Carlini v. Glenn O. Hawbaker, Inc.***, 219 A.3d 629, 644 (Pa.Super. 2019) (awarding new trial after observing that such relief is due only when "the language the court chose incorrectly states the law or mischaracterizes the evidence in a way that prejudiced the jury's consideration and thereby undermined the accuracy of the verdict" (cleaned up)).

Therefore, I respectfully dissent.